IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CR-00021-FL-RN-1

**United States of America**,

v.

**Carlos Alston**,

          Defendant.

**Order**

      Defendant Carlos Alston has challenged the constitutionality of 18 U.S.C. §§ 922(g)(3) and 922(n), the federal statutes under which he was indicted. *See* Mot. Dismiss, D.E. 17. In short, Alston contends that the statutes fail to satisfy the test laid out in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). The court has scheduled a hearing to discuss Alston's motion for later this month. *See* Order Setting Hr'g, D.E. 21.

      Federal law—at least in theory—allows someone barred from possessing or receiving a firearm under § 922 to apply to the Attorney General to restore his rights. 18 U.S.C. § 925(c). And if the Attorney General denies an individual's application, § 925(c) allows him to petition the courts for relief. *Id.*

      But since 1992 Congress has prohibited the Executive Branch from using appropriated funds "to investigate or act upon applications for relief from [f]ederal firearms disabilities under" 18 U.S.C. § 925(c). Consolidated Appropriations Act, 2022, Pub. L. No. 117–103, 136 Stat. 49; *United States v. Bean*, 537 U.S. 71, 74–76 (2002). And absent an actual denial of a request for relief, federal courts lack jurisdiction to conduct the review provided by § 925(c). *Bean*, 537 U.S. at 75–76.

The court would like to know the parties' positions on how—if at all—the existence of this rights-restoration provision and, separately, Congress's denial of funds to the Attorney General to implement the provision impact the questions before the court. Thus, the court orders the parties to submit supplemental briefs, not to exceed 20 pages, on this issue by May 26, 2023.

Dated: May 12, 2023

_____
Robert T. Numbers, II
United States Magistrate Judge